(December 8, 2016)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA VAN HOESEN, Appellant. [44 NYS3d 212]—

Aarons, J. Appeal from a judgment of the County Court of

Albany County (Lynch, J.), rendered March 15, 2013, convicting defendant following a nonjury trial of the crime of criminal sale of a controlled substance in the third degree.

Defendant was indicted and charged with criminal sale of a controlled substance in the third degree stemming from his sale of crack cocaine to a confidential informant (hereinafter CI). Following a nonjury trial, defendant was found guilty as charged. County Court thereafter denied defendant's CPL 330.30 (1) motion to set aside the verdict and sentenced defendant, as a second felony offender, to a prison term of three years, to be followed by three years of postrelease supervision. Defendant appeals.* We affirm.

Defendant contends that there was legally insufficient evidence to support his conviction because the CI was an accomplice whose testimony was not corroborated. For this same reason, defendant argues that his CPL 330.30 (1) motion to set aside the verdict was improperly denied. We disagree. "An informant acting as an agent of the police without the intent to commit a crime is not an accomplice whose testimony requires corroboration" (*People v Thaddies*, 50 AD3d 1249, 1249 [2008] [internal quotation marks and citations omitted], *lv denied* 10 NY3d 965 [2008]). Furthermore, the police detectives' testimony concerning their observations of the controlled buy and the cocaine sold to the CI by defendant, which the CI turned over to the police, sufficiently corroborated the CI's testimony (*see People v Matthews*, 101 AD3d 1363, 1365-1366 [2012], *lv denied* 20 NY3d 1101 [2013]; *People v Kennedy*, 78 AD3d 1233, 1236-1237 [2010], *lv denied* 16 NY3d 896 [2011]). Even though the police detectives did not see the actual transaction take place between the CI and defendant, "corroborative evidence need only tend to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the [trier of fact] that the accomplice is telling the truth" (*People v Rodriguez*, 121 AD3d 1435, 1439 [2014] [internal quotation marks, brackets and citations omitted], *lv denied* 24 NY3d 1122 [2015]). Accordingly, we find that legally sufficient evidence exists to support the conviction and that defendant's CPL 330.30 motion was properly denied.

We also disagree with defendant's contention that County Court erred in granting the People's pretrial motion to amend the indictment to change the location of the charged crime from a residential building to the laundromat located ap-

* Although defendant's notice of appeal sets forth the incorrect date of the judgment of conviction, we exercise our discretion to overlook this inaccuracy and treat the notice of appeal as valid (*see* CPL 460.10 [6]).

proximately one block away. This change in location did not alter the People's theory of the case nor did defendant suffer any prejudice by it. We therefore find no error in allowing the amendment (*see People v Hawkins*, 130 AD3d 1298, 1302 [2015], *lv denied* 26 NY3d 968 [2015]; *People v Cruz*, 61 AD3d 1111, 1112 [2009]; *People v Clapper*, 123 AD2d 484, 485 [1986], *lv denied* 69 NY2d 825 [1987]).

Peters, P.J., Garry, Devine and Clark, JJ., concur. Ordered that the judgment is affirmed.